**JING ZHANG, Xioaguo Xu, a.k.a. Xia Zhai Gou, Petitioners,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General \*, Respondent.**

No. 09–0426–ag.

United States Court of Appeals, Second Circuit.

Nov. 6, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Gary J. Yerman, New York, New York, for Petitioners.

Tony West, Assistant Attorney General; Lyle D. Jentzer, Senior Litigation Counsel; Ann Carroll Varnon, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioners Jing Zhang and Xioaguo Xu, natives and citizens of the People's Repub-

lic of China, seek review of a January 6, 2009 order of the BIA denying their motion to reopen. *In re Jing Zhang/Xiaoguo Xu,* Nos. A078 696 352/353 (B.I.A. Jan. 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Petitioners' untimely motion to reopen because it reasonably found that they failed to submit sufficient evidence of changed circumstances in China. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(2); *see Wei Guang Wang v. B.I.A.,* 437 F.3d 270, 273 (2d Cir.2006) (finding that the birth of children in the United States was a change in personal circumstances, and not changed circumstances under the regulations).

Petitioners argue that the agency improperly accorded diminished weight to their evidence, including the sterilization certificates and the Villagers' Notice. That argument is unavailing. The BIA reasonably discounted the probative value of the sterilization certificates because they were not accompanied by affidavits from the subjects of the certificates or by evidence providing details of the incidents, thereby providing no indication that the Petitioners were similarly situated to their subjects. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006). (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

While Petitioners argue that the BIA abused its discretion by failing to give adequate consideration to the evidence they submitted, evidence that "the [agency] is asked to consider time and again [may be considered] ... in a summary fashion without a reviewing court presuming that [the agency] has abused its discretion." *Wei Guang Wang,* 437 F.3d at 275. Indeed, we do not require that the agency "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao,* 546 F.3d at 169, and will "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen,* 471 F.3d at 338 n. 17.

Petitioners assert that the BIA erred when it mistakenly stated that the 2006 Policy Statement from the Administrative Office of the National Population and Family Planning Committee had already been considered in its precedential decisions. This argument is unavailing, as the 2006 Statement was purportedly issued to address the enforcement of the family planning policy in Fujian Province, which had been considered in its precedential decisions, and not in Zhejiang Province, where Petitioners resided. *Cf. Jian Hui Shao,* 546 F.3d at 148–49 (requiring an asylum applicant claiming a fear of sterilization based on the birth of more than one child to establish: (1) details of the policy; (2) that the applicant violated the policy; and (3) that the violation would be punished in her local area by persecutive means).

Because the failure to establish a material change in country conditions provides a valid basis for denying a motion to reopen, we cannot find that the BIA abused its discretion here. *See Wei Guang Wang,* 437 F.3d at 273.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).